A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Dorian Curtis Turner       )
_____)
_____)
_____)
(Enter above the full name of the
plaintiff or plaintiffs in this
action.)

**98-10075**

**CIV-PAINE**

MAGISTRATE JUDGE
SORRENTINO

v.

Officer Eric Bishop       )
_____)
_____)
_____)
(Enter above the full name of the
defendant or defendants in this
action.)

FILED BY
98 SEP 22 PM 3:06
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. -MIAMI

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983

This packet includes four copies of a complaint form and two copies of a forma pauperis petition. To start an action you must file an original and one copy of your complaint for each defendant you name and one copy for the court. For example, if you name two defendants, you must file the original and three copies of the complaint. You should also keep an additional copy of the complaint for your own records. <u>All copies of the complaint must be identical to the original.</u>

<u>The clerk will not file your complaint unless it conforms to these instructions and to these forms.</u>

cat/div B: Key West
Case # 4898CV10075
Judge Paine    Mag CAS
Motn Ifp $0 Yes Fee pd $ 10
Receipt # _____

Your complaint must be legibly handwritten or typewritten. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, you may use the reverse side of the form or an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauparis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records. After filling in the petition, you must have it notarized by a notary public or other officer authorized to administer an oath.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.**

→ When these forms are completed, mail the original and the copies to the <u>Clerk of the United States District Court for the Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128-7788.</u>

I. Previous Lawsuits

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
                                Yes ( )   No (X)

    B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1. Parties to this previous lawsuit

           Plaintiffs: _____ N/A _____

Defendants: _N/A_

2. Court (if federal court, name the district; if state court, name the county): _N/A_

3. Docket number: _N/A_

4. Name of judge to whom case was assigned: _N/A_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _N/A_

6. Approximate date of filing lawsuit: _N/A_

7. Approximate date of disposition: _N/A_

II. Place of present confinement: _Monroe County Detention Center_

A. Is there a prisoner grievance procedure in this institution?
   Yes (X)   No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )   No (X)

C. If your answer is YES:

   1. What steps did you take? _N/A_

   2. What was the result? _N/A_

D.  If your answer is NO, explain why not: _This is a county facility and has no state grievance procedure._

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same additional plaintiffs, if any.)

A.  Name of plaintiff _Dorian Curtis Turner_

Address _M.C.D.C. 5501 College Rd. Key West, Fl. 33040_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B.  Defendant _Eric Biskup_

is employed as _a Police Officer_

at _Key West Police Dept. 525 Angela St. K.W., Fl. 33040_

C.  Additional Defendants: _____

IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not

give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheet if necessary.)

On or about the 28th of September, 1997, Officer Eric Biskup arrested Dorian Curtis Turner, the Plaintiff, on one count of aggravated battery. For reasons unknown to the plaintiff, Officer Biskup took forty dollars, of the five-hundred that the plaintiff was carrying, out of his pocket and gave it to the alleged victim. Officer Biskup also gave the alleged victim, the plaintiffs' GIANT (Rincon) bicycle (value: Three-hundred and eighty dollars).

On or about the 12th of June, 1998, Officer Biskup allegedly filed a report stating that the plaintiff attempted to murder (aggravated assault) another person in Key West. Officer Biskup also took the plaintiffs bicycle (value: One-hundred and twenty dollars).

On or about the 15th of July, 1998, plaintiff went to the Key West Police Dept. to retrieve his bicycle. Plaintiff was informed that Officer Biskup had not filed a report, in June, with the Records Dept. or with the Detective unit. Plaintiff spoke with a detective to try and clear this up. Officer Biskup, along with the detective, tried to coerce the plaintiff into confessing to the charge of attempted murder (aggravated assault) which the plaintiff didn't commit, was never arrested for, or convicted of. When this failed, Officer Biskup told the detective not to give the plaintiff his bicycle, ever.

(see attached sheet)

V.  Relief

State briefly exactly what you want the court to do for you. Make no legal arguments.  Cite no cases or statutes.

I ask that the court, award the Plaintiff compensation in the amount of $1660.00 (one-thousand six-hundred and sixty dollars) for

In late July and early August, 1998, Officer Biskup harassed Dawn M. Evans (the plaintiffs' girlfriend), trying to coerce her into stating that the plaintiff was guilty of the charge of attempted murder (Aggravated Assault).

On or about the 17th of August, 1998, Dawn M. Evans and the plaintiff were standing on Whitehead Street (close to the intersection of Virginia and Whitehead) talking. Officer Eric Biskup and Officer David T. Smith were observed cruising the area, by Dawn M. Evans and the plaintiff, in separate vehicles. Moments later Officer Smith returned to Whitehead Street and stopped in front of the plaintiff. Officer Smith advised the plaintiff to place the knives that were attached to his belt, on the ground, the plaintiff complied. At this point, Officer Eric Biskup returned to the scene and exited his vehicle. Officer Biskup told the plaintiff to turn around to be searched, the plaintiff complied. Officer Biskup then told the plaintiff to sit on the ground by the wall. The plaintiff told Officer Biskup, that he is aware, as is the plaintiff, of the people who sit there during the day and evening, and that they throw garbage all over and piss on the ground. The plaintiff also told Officer Biskup, that he the plaintiff, would squat down by the wall, which he did, but that he wouldn't sit in piss and garbage. Officer Biskup grabbed the plaintiff's left arm, and cuffed his left wrist. Officer Biskup then pushed the plaintiff's left shoulder down, slamming the plaintiff's face into the sidewalk. Officer

In late July and early August, 1998, Officer Biskup harassed Dawn M. Evans (the plaintiffs' girlfriend), trying to coerce her into stating that the plaintiff was guilty of the charge of attempted murder (Aggravated Assault).

On or about the 17th of August, 1998, Dawn M. Evans and the plaintiff were standing on Whitehead Street (Close to the intersection of Virginia and Whitehead) talking. Officer Eric Biskup and Officer David T. Smith were observed cruising the area, by Dawn M. Evans and the plaintiff, in separate vehicles. Moments later Officer Smith returned to Whitehead Street and stopped in front of the plaintiff. Officer Smith asked the plaintiff to place the knives that were attached to his belt, on the ground, the plaintiff complied. At this point, Officer Eric Biskup returned to the scene and exited his vehicle. Officer Biskup told the plaintiff to turn around to be searched, the plaintiff complied. Officer Biskup then told the plaintiff to sit on the ground by the wall. The plaintiff told Officer Biskup, that he is aware, as is the plaintiff, of the people who sit there during the day and evening, and that they throw garbage all over and piss on the ground. The plaintiff also told Officer Biskup, that he the plaintiff would squat down by the wall, which he did, but that he wouldn't sit in piss and garbage. Officer Biskup grabbed the plaintiff's left arm, and cuffed his left wrist. Officer Biskup then pushed the plaintiff's shoulder down, slamming the plaintiff's face into the sidewalk. Officer

property and monetary losses. Also the sum of $50,000.00 in punitive damages for selective harassment, hardship, pain and suffering, and extreme mental anguish.

Signed this __18th__ day of __September__, 19_98_

_____
(Signature of plaintiff
or plaintiffs)

VERIFICATION

State of __Florida__ )

County of __Monroe__ )

__Dorian Curtis Turner__, being first duly sworn, under oath, says: that he is the plaintiff in this action and knows the content of the above complaint; that it is true of his own knowledge, except as to those matters that are stated in it on his information and belief, and as to those matters he believes to be true.

_____
(Signature of affiant-plaintiff)

Subscribed and sworn to before me this _18_ day of __September__, 19_98_. (id #430014 valid id)

_____

OFFICIAL NOTARY SEAL
TOWANDA HECTOR-SCOTT
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC664585
MY COMMISSION EXP. JULY 16,2001